Opinion
THE COURT.*
Facts

Procedural Background

On August 14, 2011, appellant Kevin Ray Harris was cited for driving his three-axle tractor-trailer rig in the lane immediately to the left of the far right-hand lane, in violation of Vehicle Code section 22348, subdivision (c). Appellant entered a plea of not guilty, and the matter was set for court trial. At the trial on October 21, 2011, the court heard testimony from the citing officer, Officer Hernandez of the California Highway Patrol, and from appellant. The sole issue at trial was whether the high-occupancy vehicle (HOV) lane, otherwise known as the “carpool” lane, counts as a lane of travel for purposes of Vehicle Code section 22348, subdivision (c). That statute prohibits a three-axle vehicle, such as appellant’s tractor-trailer rig, from driving in any lane other than the far right-hand lane, except where the roadway contains four or more lanes of travel in the same direction.
The undisputed evidence at trial established that the roadway upon which appellant was driving at the time of his citation[1] consisted of one HOV lane on the far left, and three additional lanes of travel in the same direction. Thus, if the HOV lane was included in the counting of lanes, the roadway consisted of four lanes of travel in the westbound direction, and appellant was legally entitled to drive his tractor-trailer in the second lane from the right. If, on the other hand, the HOV lane is not included in the counting of lanes, the *Supp. 4 roadway consisted of only three lanes in the westbound direction, and appellant’s driving in the lane to the left of the right-hand lane was a violation of the law.
At trial, Officer Hernandez testified he has been a California Highway Patrol officer for about 13 years, and has been assigned to commercial vehicle enforcement since May of 2011. He was trained not to include the HOV lane when counting lanes, “because it was a federal lane.” He was never given any legal authority for that instruction.
In contrast, appellant testified that his training as a truckdriver led him to understand that on a four-lane highway in California, he was entitled to drive in either of the two right-hand lanes. In preparation for driving a commercial vehicle in California,[2] appellant reviewed the California Commercial Driver Handbook published by the Department of Motor Vehicles. That handbook contained a section addressing which lane to use on a three- or four-lane highway. That section states that on a divided highway with four or more traffic lanes in one direction, commercial vehicles may be driven in either of the two right-hand lanes. The section does not say that the HOV lane is excluded as one of the lanes of travel.[3]
The court ultimately agreed with Officer Hernandez, and concluded the HOV lane is not counted when determining the number of travel lanes for purposes of Vehicle Code section 22348, subdivision (c). The court stated: “In my estimation, based on the code, let’s put that issue to rest, I find the code, the spirit of the code, the common sensical reasoning behind the legislation and the safety issues and the fact that HOV cannot be traveled by the bulk of the people, standing the thing on its head, I don’t believe the Legislature, on the face of the law, as I read it, is saying that, and I am not counting, under law, that fourth lane, that HOV lane, counts as a fourth lane. It needs to be a regular non-HOV lane, in my reading, and so that issue is put to rest for me.” Accordingly, the court ruled that appellant had violated that statute, and found appellant guilty. This appeal followed.
Discussion
This appeal involves the application of statutory law to undisputed facts. It is therefore subject to de novo review. (People v. Alvarez (1996) 14 Cal.4th 155, 182 [58 Cal.Rptr.2d 385, 926 P.2d 365]; People v. Williams (1988) 45 Cal.3d 1268, 1301 [248 Cal.Rptr. 834, 756 P.2d 221].) Similarly, to the extent *Supp. 5 this appeal involves the interpretation of the statutes at issue, it is also subject to de novo review. (People v. Taylor (1992) 6 Cal.App.4th 1084, 1090-1091 [8 Cal.Rptr.2d 439].)
Resolution of the question before us requires an examination of the interplay among three different provisions of the Vehicle Code. First, Vehicle Code section 22406 defines certain classes of vehicles for purposes of imposing maximum speed limits on highways. Section 22406, subdivision (a) specifies that a “motortruck or truck tractor having three or more axles or any motortruck or truck tractor drawing any other vehicle” may not drive more than 55 miles per hour on a highway. It is undisputed that (1) appellant’s vehicle belongs to that category of vehicles; and (2) appellant was not driving more than 55 miles per hour at the time of his citation.
Next, Vehicle Code section 22348, subdivision (c), the statute under which appellant was cited, specifies that, with specified exceptions, any vehicle subject to Vehicle Code section 22406 must be driven (1) in a lane designated pursuant to Vehicle Code section 21655 or, where no lane is so designated, (2) in the right-hand lane of traffic, or as close as practicable to the right-hand edge or curb. However, where no specific lane is designated as a lane for such vehicles on a highway “having four or more clearly marked lanes for traffic in one direction” (§ 22348, subd. (c)), such vehicle may also be driven in the lane immediately to the left of the right-hand lane.
Vehicle Code section 21655 provides for the designation of specific lanes for commercial vehicles such as appellant’s tractor-trailer rig. Subdivision (b) of that statute is essentially a verbatim repetition of Vehicle Code section 22348, subdivision (c).
None of the foregoing statutes, nor any other statute we can find in the Vehicle Code, defines the term “lane,” or what does or does not qualify as a “lane for traffic” for purposes of those Vehicle Code provisions that depend on the number of traffic lanes on a highway. This includes those code sections specifically enacted to provide for lanes exclusively reserved for use by high-occupancy vehicles (Veh. Code, § 21655.5 et seq.).
The rules of statutory interpretation are well settled. The first principle of statutory interpretation is that the court must look to the statute’s words and given them their usual and ordinary meaning, and the plain language of the statute controls unless its words are ambiguous. (People v. Robinson (2010) 47 Cal.4th 1104, 1138 [104 Cal.Rptr.3d 727, 224 P.3d 55].)
In this case, the plain language of Vehicle Code section 22348, subdivision (c) is not ambiguous. It states, in its entirety: “A vehicle subject *Supp. 6 to Section 22406 shall be driven in a lane designated pursuant to Section 21655, or if a lane has not been so designated, in the right-hand lane for traffic or as close as practicable to the right-hand edge or curb. When overtaking and passing another vehicle proceeding- in the same direction, the driver shall use either the designated lane, the lane to the immediate left of the right-hand lane, or the right-hand lane for traffic as permitted under this code. If however, specific lane or lanes have not been designated on a divided highway having four or more clearly marked lanes for traffic in one direction, a vehicle may also be driven in the lane to the immediate left of the right-hand lane, unless otherwise prohibited under this code. This subdivision does not apply to a driver who is preparing for a left- or right-hand turn or who is in the process of entering into or exiting from a highway or to a driver who is required necessarily to drive in a lane other than the right-hand lane to continue on his or her intended route.” (Veh. Code, § 22348, subd. (c), italics added.)
Vehicle Code section 22348, subdivision (c) clearly provides that if there are four “clearly marked lanes for traffic in one direction,” a three-axle vehicle may be driven in either of the two right lanes. The statute makes no attempt to exclude HOV lanes from its provisions, and no other provision in the Vehicle Code makes any attempt to exclude HOV lanes from the term “lanes for traffic.”
Vehicle Code section 21655.5, which was enacted to authorize HOV lanes, was enacted in 1970. On the other hand, Vehicle Code section 22348 was enacted in 1973, and has been amended no fewer than seven times since it became operative, most recently in 2004. Thus, the Legislature was presumably aware of the existence, or at least the potential existence, of HOV lanes when it enacted section 22348.
In any event, the Legislature has had ample opportunity to amend Vehicle Code section 22348, subdivision (c) to specify that HOV lanes are not to be included when counting “lanes for traffic.” We presume that if the Legislature had wanted to make such a clarification to the provisions of the statute, it would have done so. (In re Marriage of Cutler (2000) 79 Cal.App.4th 460, 475 [94 Cal.Rptr.2d 156] [“In construing a statute, we presume the Legislature has knowledge of all prior laws and enacts and amends statutes in light of those laws.”]; accord, Reidy v. City and County of San Francisco (2004) 123 Cal.App.4th 580, 592 [19 Cal.Rptr.3d 894] [it is presumed the Legislature is aware of existing law when it amends a statute].)
If the Legislature has not seen fit to amend the Vehicle Code to exclude HOV lanes from the determination of the number of “lanes for traffic” for purposes of enforcing Vehicle Code section 22348, subdivision (c), it is not for the trial court, or a reviewing court, to do so. A plain *Supp. 7 reading of section 22348 establishes that appellant was not in violation of the statute. Constitutional due process considerations mandate against creating criminal liability where none is apparent on the face of the statute. (See Lambert v. California (1957) 355 U.S. 225, 229 [2 L.Ed.2d 228, 78 S.Ct. 240], and authorities cited therein.)
Disposition
The judgment of conviction is reversed. The matter is remanded to the trial court with directions to dismiss the charges.

 Brisco, P. J., Ochoa, J., and Pacheco, J.

 Westbound on Highway 210 between Camelian Street and Campus Avenue.

 At the time of his citation, appellant carried a Colorado driver’s license.

 The court confirmed that the content of the California Commercial Driver Handbook on that issue was consistent with the Vehicle Code.